Argued and submitted February 28, affirmed May 18, 2005

STATE OF OREGON,
*Respondent,*

*v.*

NICKOLAY YASHIN,
*Appellant.*

03C47335; A123942

112 P3d 331

Louis R. Miles, Deputy Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Deputy, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals a judgment convicting him of six counts of first-degree rape, ORS 163.375, and six counts of first-degree sodomy, ORS 163.405. The trial court counted three of the rape convictions as part of defendant's criminal history for purposes of calculating his guidelines sentence on one of the sodomy convictions. Defendant assigns error to the imposition of that sentence, arguing that imposing it required a finding that none of the three rapes was part of the same criminal episode as the sodomy and, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the state was required to prove that fact to a jury beyond a reasonable doubt. Defendant concedes that he raises the issue for the first time on appeal but urges us to address it as plain error. We conclude that imposing the challenged sentence was not an error apparent on the face of the record and affirm.

Understanding the pertinent facts of this case requires a brief discussion of Oregon's sentencing guidelines. Under the guidelines, the permissible range of sentences for a felony conviction generally is dictated by the 99-block sentencing guidelines grid. The grid is composed of a vertical axis, the "Crime Seriousness Scale," and a horizontal axis, the "Criminal History Scale." OAR 213-004-0001(1). To determine the permissible sentencing range for a given conviction, a sentencing court locates the appropriate category for the crime on the Crime Seriousness Scale, the appropriate category for the offender on the Criminal History Scale, and the grid block where the two categories intersect. Predictably, the permissible sentencing range increases with every increase on either the Crime Seriousness Scale or the Criminal History Scale. For certain crimes that carry a statutory minimum sentence, the sentencing court is required to impose either that statutory minimum sentence or the one dictated by the grid, whichever is higher. OAR 213-009-0001(1).

The category on the Criminal History Scale into which a given offender will fall depends on the number and

type of the offender's prior convictions. OAR 213-004-0006(1). The categories range from "minor misdemeanor or no criminal record" to "multiple (3+) felony person offender." A conviction may be counted in a defendant's criminal history score if the trial court pronounced sentence on it before pronouncing sentence on the conviction at issue. OAR 213-004-0006(2). Thus, if a defendant is convicted of two crimes in one proceeding and a court pronounces sentence on the first conviction seconds before calculating the sentence on the second, then the first conviction may be used to calculate the defendant's criminal history on the second conviction. There is one caveat: Only convictions that arose out of separate "criminal episodes" count as part of the defendant's criminal history for sentencing purposes. *State v. Bucholz,* 317 Or 309, 317, 855 P2d 1100 (1993).

The legal determination that convictions arose out of separate criminal episodes is based on a factual finding specifically, the finding that the acts giving rise to the convictions were not part of "continuous and uninterrupted conduct that * * * is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a criminal objective." *See State v. Knight,* 160 Or App 395, 403, 981 P2d 819 (1999) (a finding for *Bucholz* purposes requires finding described in ORS 131.505(4), which defines "separate criminal episode").

With that sentencing scheme in mind, we turn to the facts of this case. Defendant was charged with, among other things, three counts of rape and one count of sodomy.[1] Each count in the indictment alleged that, sometime between January 1, 1998 and June 30, 2003, defendant knowingly used forcible compulsion to engage in sexual intercourse (rape) or deviant sexual intercourse (sodomy) with his adult daughter. Each of the counts also alleged that defendant threatened the use of a weapon during the commission of those crimes.[2] Defendant waived his right to a jury trial and was tried by the court, which found defendant guilty on all

---

[1] The other charges are not relevant to the issues presented on appeal, and we do not discuss them.

[2] The threatened use of a weapon is not an element of the offense of either rape or sodomy. However, it increases the category into which a rape or sodomy conviction falls on the Crime Seriousness Scale for sentencing purposes.

counts. The court found that the additional circumstance of threatening the use of a weapon during the commission of the offense existed only for Count 1 (rape) and Count 4 (sodomy). Because the statutory minimum sentence was higher than the guidelines sentence for the three rape convictions, the court imposed mandatory minimum sentences of 100 months on each of those convictions pursuant to ORS 137.700(2)(a)(J). The court imposed a guidelines sentence on the sodomy conviction, Count 4. That is the sentence at issue in this appeal.

On Count 4, the court sentenced defendant to 130 months' imprisonment. The court arrived at that number through the following method. First, because the court had found that defendant threatened the use of a weapon in committing the crime alleged in Count 4, the court determined that the crime was ranked at a level 10 (out of 11) on the Crime Seriousness Scale. Second, the court used all three of defendant's rape convictions (on which defendant had already been sentenced) in calculating defendant's criminal history for Count 4. In doing so, the court found that "these are all complete[ly] and totally distinct acts involving, in the six counts, one victim, but at separate times with separate intents, separate criminal consequences." Inclusion of the three rape convictions in defendant's criminal history moved defendant into the highest category on the Criminal History Scale, category A. Accordingly, the court determined that the presumptive sentence in grid block 10A—121 to 130 months—applied to the sodomy conviction, and the court sentenced defendant to 130 months' imprisonment, to run consecutively to the sentences for rape. In the absence of its finding that the three rapes and the sodomy had each occurred during separate criminal episodes, the maximum sentence that the court could have imposed was 100 months, which is the mandatory minimum prescribed for first-degree sodomy by ORS 137.700(2)(a)(L).

Defendant argues that, because the fact found by the court increased the maximum sentence beyond what the court could have imposed based on the verdict alone, that fact had to be proved to a jury beyond a reasonable doubt.[3] As

---

[3] Defendant also argues that the trial court committed plain error by imposing consecutive sentences on two of the convictions and by denying "936 credits," that

noted, defendant did not make that argument before the trial court but asserts that we may address it as plain error.

We have discretion to consider an unpreserved claim of error if the claimed error is one of law and is apparent on the face of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Whether the trial court erred is determined with reference to the law existing at the time of the appellate decision. *State v. Jury*, 185 Or App 132, 139, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003). An error appears on the face of the record if we need not go outside the record or select among competing inferences to identify it. *Brown*, 310 Or at 355. It is apparent if the point is obvious—that is, not reasonably in dispute. *Id.* If we exercise our discretion to correct plain error, we must articulate our reasons for doing so. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

The state argues that the asserted error is not "apparent" because there is a significant legal question as to whether the finding at issue falls under the exception in *Apprendi* for "the fact of a prior conviction." 530 US at 490. In the alternative, the state contends that, even if the trial court committed plain error, we should decline to exercise our discretion to correct it because the trial court could impose the same total sentence on remand by running more of the sentences consecutively.[4]

In *Apprendi*, the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* The issue in this case is whether the sentencing court's finding clearly falls within the exception for the fact of a prior conviction.

is, by denying consideration for sentence modifications as provided in ORS 137.750. Those arguments are controlled by *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), and *State v. Vigil*, 197 Or App 407, 106 P3d 656, *adh'd to as modified*, 199 Or App 525, 112 P3d 441 (2005), respectively, and we reject them without further discussion.

[4] Because of our resolution of the plain error issue, we do not reach the state's alternative argument. We also reject the state's argument that defendant waived his right to have the fact at issue here decided by a jury when he agreed to a bench trial. The state does not attempt to distinguish *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), in which we rejected a similar argument, and we decline to reconsider *Gornick* here.

The prior conviction exception to *Apprendi*'s general rule traces to *Almendarez-Torres v. United States,* 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998). In that case, the defendant was convicted of the offense of being found in the United States after having been deported. *Id.* at 227. The offense carried a sentence of up to two years' imprisonment, or 20 years' imprisonment if the deportation had been pursuant to convictions for aggravated felonies. *Id.* at 226. The defendant was sentenced to 85 months after admitting that he had prior convictions for aggravated felonies. He argued that his sentence violated his Fifth Amendment right to notice of the charges against him because the indictment charging him had not mentioned his earlier aggravated felony convictions. *Id.* at 227. The Court concluded that the fact of the defendant's prior convictions did not need to be alleged in the indictment, reasoning, in part, that recidivism is a "sentencing factor" rather than an "element" because it is a traditional basis on which sentencing courts increase sentences. *Id.* at 243.

Because he had admitted that he had prior convictions for aggravated felonies, the defendant did not raise any argument relating to his Fifth and Sixth Amendment rights to have facts tried to a jury under a "beyond a reasonable doubt" standard of proof. As a result, *Almendarez-Torres* did not address whether the fact of a prior conviction must be proved to the factfinder beyond a reasonable doubt. *Id.* at 247-48. Defendant in this case argues that the Court's failure to address that issue means that "[t]he Court has never held that the fact of a prior conviction need not be prove[d] beyond a reasonable doubt." We disagree.

By classifying recidivism as a "sentencing factor," *Almendarez-Torres* in effect determined that sentencing courts may constitutionally find the fact of a prior conviction by a preponderance of the evidence. *See Jones v. United States,* 526 US 227, 232, 119 S Ct 1215, 143 L Ed 2d 311 (1999) ("Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt."). Thus, in *Apprendi* and its progeny, the Court has treated *Almendarez-Torres* as an exception to the rule that all facts increasing punishment must be proved to

the factfinder beyond a reasonable doubt. In *Apprendi*, the Court noted that a logical application of that rule[ ] might dictate a different result in *Almendarez-Torres*, but, because the issue was not presented to it, the Court decided to "treat the case as a narrow exception to the general rule recalled at the outset." *Apprendi*, 530 US at 489-90. The Court has continued to treat *Almendarez-Torres* as an exception to the rule. *See Blakely*, 542 US 296, 124 S Ct at 2536 (treating *Almendarez-Torres* as exception to *Apprendi*); *Shepard v. United States*, 544 US ____ , 125 S Ct 1254, 161 L Ed 2d 205 (2005) (same); *but see Dretke v. Haley*, 541 US 386, 124 S Ct 1847, 1853, 158 L Ed 2d 659 (2004) (characterizing *Apprendi* as "reserving judgment as to the validity of *Almendarez-Torres*"). We therefore disagree with defendant's assertion that "[t]he fact of a prior conviction is like any other fact that increases punishment beyond what the jury's verdict allows." As *Apprendi* states, there is an exception to the rule announced in that case that all facts increasing punishment beyond the statutory maximum must be proved to the factfinder beyond a reasonable doubt. The exception is for "the fact of a prior conviction." The question here is what that phrase includes.

In *State v. Perez*, 196 Or App 364, 371, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we stated that the exception does not apply to facts other than the "bare" fact of a prior conviction—even facts related thereto. *Id.* at 371, 373. We did not, however, have occasion to address what the "bare" fact of a prior conviction is because the findings at issue in that case regarded aggravating factors that could not reasonably be characterized as merely findings that the defendant had a prior conviction. As we explained, "[b]ecause the facts of prior convictions already are taken into account in an offender's criminal history score, aggravating factors necessarily require a finding of one or more additional facts." *Id.* at 372.

■ That is not the case here. The challenged factfinding in this case was not about aggravating factors that could support a departure sentence but, instead, pertained to the criminal history used to calculate defendant's presumptive sentence. Stated differently, *Perez* involved enhancement facts related to, but not part of, a conviction, whereas

this case concerns which convictions were usable for sentencing purposes. In that regard, the state argues that the fact at issue in this case is no different than the fact of the very existence of a prior conviction. Defendant disagrees. Thus, we must take a closer look at what the exception means.

"The fact of a prior conviction" could mean, simply, the fact that a judgment of conviction has previously been entered against a defendant in a prior proceeding or earlier in the same proceeding. However, that is not the only plausible meaning of the phrase. The "fact" of a prior conviction could encompass a subsidiary fact necessary to the determination that the conviction is one that may be used to increase later-imposed sentences—here, one that may be used to increase a defendant's criminal history under a sentencing scheme such as Oregon's sentencing guidelines. Granted, that interpretation may not be the most likely, but that is not the point of the discussion. The question, rather, is whether it is obviously wrong. This is a case of first impression involving difficult concepts. We cannot say beyond dispute that "the fact of a prior conviction" excludes subsidiary fact-finding necessary to the determination that a conviction is, as a legal matter, usable for the purpose of increasing a sentence.

We acknowledge that allowing a sentencing court to find that two convictions arose out of separate criminal episodes may ultimately not be reconcilable with the rationale that *Apprendi* used to justify the prior conviction exception. The *Apprendi* Court attempted to square its holding with *Almendarez-Torres* by explaining that

> "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that 'fact' in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range."

*Apprendi*, 530 US at 488. Here, the procedural safeguards of a jury determination and proof beyond a reasonable doubt did not attach to the finding of facts necessary to determine the legal priority of defendant's sodomy conviction. However, defendant does not contend that those safeguards did not

attach to the sodomy conviction itself. Assuming that the rationale on which we understand the prior conviction exception to be based will guide the Court's future applications of that exception, it appears arguable that the Court will not apply it to the ancillary determination whether an indisputedly prior conviction is usable, under a state's sentencing scheme, to increase a defendant's criminal history score. It is worth noting that *Apprendi* did not identify that rationale as its guiding principle, nor did it disavow the recidivism-is-a-traditional-sentencing-factor rationale identified in *Alemendarez-Torres*. *See Apprendi*, 530 US at 488 (citing *Almendarez-Torres* and quoting from it the proposition that "recidivism * * * is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence" (ellipsis in *Apprendi*)).

As the foregoing discussion indicates, whether the trial court's factual finding that defendant's sodomy and rape convictions arose from separate criminal episodes (and its resulting use of his rape convictions for sentencing guidelines criminal history purposes) fell within *Apprendi*'s exception for "the fact of a prior conviction" is not a question to which the answer is obvious and not reasonably in dispute. It follows that the error assigned by defendant is not plain error that we may review.

Affirmed.