Submitted on record and briefs August 31, sentences vacated; remanded for resentencing; otherwise affirmed December 7, 2005, petition for review denied February 21, 2006 (340 Or 158)

STATE OF OREGON,
*Respondent,*

*v.*

JOHN ALLEN ROBERTSON,
*Appellant.*

20-02-20627; A121423

125 P3d 20

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Susan F. Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denis M. Vannier, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

_____

* Rosenblum, J., *vice* Ceniceros, S. J.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals his sentences on two counts of first-degree rape, ORS 163.375, three counts of first-degree sexual penetration, ORS 163.411, one count of first-degree sexual abuse, ORS 163.427, two counts of first-degree burglary, ORS 164.225, four counts of menacing, ORS 163.190, two counts of reckless endangerment, ORS 163,195, one count of stalking, ORS 163.732, one count of telephonic harassment, ORS 166.090, and two counts of attempting to elude police, ORS 811.540. We decline to treat as plain error defendant's unpreserved challenges to the court's determination of his criminal history score and to the court's imposition of consecutive sentences. *See generally State v. Taylor*, 198 Or App 460, 108 P3d 682, *rev den*, 339 Or 66 (2005); *State v. Yashin*, 199 Or App 511, 112 P3d 331, *rev den*, 339 Or 407 (2005) (declining to reach similar unpreserved arguments).

On one of the counts of first-degree burglary, the sentencing court imposed an upward departure sentence based on findings that defendant was on probation at the time of the offense, there was a threat of actual violence, defendant was persistently involved in similar offenses, and defendant intended to terrorize the victim. The court further found that any of those factors independently would support a departure sentence. On appeal, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that were not found by a jury or admitted by defendant, in violation of his rights under the Sixth Amendment to the United States Constitution.

Although defendant did not advance such a challenge to the trial court, he argues that the sentence should be reviewed as plain error. We agree. We have held that judicial factfinding on aggravating factors such as those applied in this case runs afoul of the rule of law announced in *Blakely*. *See, e.g., State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005); *State v. Muyingo*, 197 Or App 320, 105 P3d 899 (2005); *State v. Smitherman*, 200 Or App

383, 114 P3d 540 (2005). For the reason set forth in *Perez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.