Submitted on record and briefs August 31, sentences vacated; remanded for resentencing; otherwise affirmed December 7, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## VERNON WAYNE SHIELDS,
*Appellant.*

02CR1313; A121653

125 P3d 23

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jennelle M. Barton, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

PER CURIAM

---

* Rosenblum, J., *vice* Ceniceros, S. J.

## PER CURIAM

Defendant was convicted of criminal trespass with a firearm, ORS 164.265, second-degree criminal trespass, ORS 164.245, and felon in possession of a firearm, ORS 166.270. On the felon in possession conviction, the trial court imposed an upward departure sentence based on a finding that defendant was on probation at the time of the offense. On appeal, defendant makes numerous challenges to his sentences. We decline to address defendant's unpreserved challenges to the court's determination of his criminal history score and to the court's imposition of consecutive sentences. *See generally State v. Taylor*, 198 Or App 460, 108 P3d 682, *rev den*, 339 Or 66 (2005); *State v. Yashin*, 199 Or App 511, 112 P3d 331, *rev den*, 339 Or 407 (2005) (declining to treat as "plain error" similar unpreserved arguments).

As to the departure sentence, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing that sentence based on facts that were not found by a jury or admitted by defendant, in violation of his rights under the Sixth Amendment to the United States Constitution. Although he did not advance such a challenge before the trial court, he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentence is plainly erroneous. For the reason set forth in *Perez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.