Submitted on record and briefs September 30, sentences vacated; remanded for resentencing; otherwise affirmed December 21, 2005

STATE OF OREGON,
*Respondent,*

*v.*

WILLIAM LANGEVIN III,
*Appellant.*

200221049; A123435

124 P3d 1281

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of three counts of assaulting a police officer and one count of escape in the second degree. On appeal, he initially argues that the trial court erred when it imposed consecutive sentences on two of the assault convictions, and reconstituted his criminal history score on one of the assault convictions. Defendant concedes that he did not preserve any of those issues at trial, but argues that they should be reviewed as plain error. *State v. Fuerte-Coria*, 196 Or App 170, 174, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), and *State v. Yashin*, 199 Or App 511, 520, 112 P3d 331, *rev den*, 339 Or 407 (2005), are controlling on the above issues, and we reject his arguments without further discussion.

Defendant also makes an unpreserved challenge to the trial court's imposition of upward departure sentences. He argues that the court's upward departure sentences were erroneous under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because they are based on facts that were not admitted by defendant nor found by a jury. Under our decision in *State v. Allen*, 198 Or App 392, 108 P3d 651, *adh'd to on recons*, 202 Or App 565, 123 P3d 331 (2005), the trial court's upward departures, based on its finding that defendant was on probation at the time he committed these crimes, were plainly erroneous. For the reason set forth in *Allen*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.