Submitted on record and briefs July 28, 2005, affirmed March 8, 2006

STATE OF OREGON,
*Respondent,*

*v.*

MATTHEW ARTHUR FREDLEY,
aka Matthew Jozef Williams,
*Appellant.*

0110-36949; A118803

130 P3d 790

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

* Schuman, J., *vice* Richardson, S. J.

LANDAU, P. J.

### LANDAU, P. J.

Defendant was convicted, after a jury trial, of one count of robbery in the first degree, ORS 164.415, one count of robbery in the second degree, ORS 164.405, and one count of tampering with a witness, ORS 162.285. The trial court merged the robbery convictions and sentenced defendant to 90 months' imprisonment. On the witness-tampering conviction, the court determined that the applicable sentencing guidelines grid block was 6-B, for which the presumptive sentence was 21 months' imprisonment. The court made that determination based on two separate findings related to defendant's criminal history: first, that defendant's criminal history included a prior conviction for attempted first-degree assault, and second, that defendant's robbery and witness-tampering convictions arose out of different criminal episodes. *See* OAR 213-004-0007 (assigning criminal history category B when the offender's criminal history includes two person felonies); *State v. Bucholz*, 317 Or 309, 318, 855 P2d 1100 (1993) (convictions that arose out of separate "criminal episodes" count as part of the defendant's criminal history for sentencing purposes). The court also ruled that the sentence on the witness-tampering conviction was to run consecutively with the sentence for robbery for six months and concurrently for the remainder.

■ On appeal, defendant challenges his sentence for witness tampering, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a sentence based on facts that defendant did not admit and that were not found by a jury. Defendant makes three distinct *Blakely* arguments; he concedes that he did not advance any of those challenges to the trial court, but argues that the sentence should be reviewed as plain error.

■ This court may, in its discretion, consider an unpreserved claim of error when the asserted error is apparent on the face of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Error is apparent if the point is "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991).

Defendant first argues that the court committed plain error by determining that he should be sentenced under grid block 6-B based partly on the court's own finding that he had been convicted of a prior person felony, attempted assault in the first degree. The state responds that the asserted error is not "apparent" because, at the very least, there is a significant legal question as to whether that particular finding falls under the exception in *Apprendi* for "the fact of a prior conviction." We agree with the state.

In *Apprendi*, 530 US at 490, the United States Supreme Court held that, "*other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) In *State v. Perez*, 196 Or App 364, 371-73, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we addressed whether a departure sentence based on a trial court's finding of "persistent involvement" in similar offenses amounted to plain error or a lawful instance of imposing a sentence based on "the fact of a prior conviction." We concluded that the sentence was plain error. We explained that the *Apprendi* exception is a narrow one that applies only to the "bare" fact of a prior conviction and that the finding of that aggravating factor could not reasonably be characterized as merely a finding that the defendant had a prior conviction. Similarly, in *State v. Allen*, 198 Or App 392, 395-96, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), we explained that the imposition of an upward departure sentence based on a judicial finding pertaining to the defendant's supervisory status was plain error because it required inferences, beyond the fact that defendant was on supervision, about the "malevolent quality" of the defendant and the failure of supervision to serve as an effective deterrent.

The issue here is distinguishable. The trial court assigned defendant's conviction to a particular grid block based on a finding that defendant had a prior conviction for a person felony, namely, attempted first-degree assault. It is at least reasonably arguable that that determination consisted of only two components, neither of which implicates the right to a jury trial announced in *Apprendi*. The first is the fact of the prior first-degree assault conviction, which arguably is

nothing more than the "fact of a prior conviction," even as we narrowly interpreted that exception in *Perez* and *Allen*. The second is the nature of that conviction, in particular, whether that conviction is a "person felony." *See* OAR 213-003-0001(14) ("person felony" defined to include first-degree assault). Whether the second component falls under the *Apprendi* exception is unsettled. *See State v. Yashin*, 199 Or App 511, 519, 112 P3d 331 (2005) ("We cannot say beyond dispute that 'the fact of a prior conviction' excludes subsidiary fact-finding necessary to the determination that a conviction is, as a legal matter, usable for the purpose of increasing a sentence.").

Unlike the circumstances in *Perez* or *Allen*, therefore, it is far from obvious that in this case the court must have made constitutionally impermissible inferences, beyond the fact of defendant's prior conviction, when it determined that his criminal history included the prior person felony of attempted first-degree assault. We do not need to reach the question whether, as the state contends, the court's actions were actually permissible under *Apprendi*; we conclude that at the very least the answer to that question is a matter of reasonable dispute. The court's action was therefore not plain error.

Defendant next argues that the calculation of his sentence based on a finding that the robbery and witness tampering were not part of the same criminal episode was plain error. That was precisely the argument we rejected in *State v. Yashin*, 199 Or App at 520 ("[W]hether the trial court's factual finding that defendant's * * * convictions arose from separate criminal episodes * * * fell within *Apprendi*'s exception for 'the fact of a prior conviction' is not a question to which the answer is obvious[.]").

Finally, defendant argues that the trial court plainly erred under *Apprendi* in imposing a consecutive sentence on the witness-tampering conviction. Our decision in *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), in which we rejected the same argument, controls.

Affirmed.