Submitted on record and briefs February 22, affirmed March 29, petition for review denied May 31, 2006 (340 Or 673)

STATE OF OREGON,
*Respondent,*

*v.*

BRIAN KEITH KAUFMAN,
*Appellant.*

CR0300084; A121086

132 P3d 668

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and John L. Susac, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

---

* Schuman, J., *vice* Ceniceros, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

Following a bench trial, defendant was convicted of one count of burglary in the first degree, ORS 164.225, and one count of theft in the second degree, ORS 164.045. Because defendant had a prior conviction for first-degree burglary, the trial court indicated that his sentence on the burglary conviction—26 months' incarceration with three years' post-prison supervision—was subject to ORS 137.635. *See id.* (imposing requirements for sentences for certain felony convictions when the offender has a prior conviction for any of those crimes, including a requirement that the offender not be eligible for sentence reductions). The court also sentenced defendant to one year in jail, to be served concurrently with the burglary sentence, on the theft conviction.

On appeal, defendant challenges his sentence for burglary, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing an ORS 137.635 sentence based on facts that defendant did not admit and that were not found by a jury. Defendant concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error. The state responds that the trial court's imposition of an ORS 137.635 sentence was not plainly erroneous because there is, at least, a significant legal question as to whether the finding on which the sentence was based falls under the exception in *Apprendi* for "the fact of a prior conviction." We agree with the state.

■ This court may, in its discretion, consider an unpreserved claim of error when the asserted error is apparent on the face of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Error is apparent if the point is "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991).

In *Apprendi*, the United States Supreme Court held that *"[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved

beyond a reasonable doubt." 530 US at 490 (emphasis added). *Apprendi* thus created what we have interpreted as a narrow exception to the jury trial right for "the bare fact of a prior conviction." *State v. Perez*, 196 Or App 364, 371, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005).

■　A trial court is required to impose a sentence under ORS 137.635 when a defendant is convicted of any of the felonies listed in the statute, including first-degree burglary, if the defendant also has a prior conviction for one of the enumerated felonies. In this case, the trial court determined that defendant met the requirements of the statute by reason of his prior conviction for first-degree burglary. Thus, narrow though the *Apprendi* exception may be, the circumstances of this case arguably fit within it. We need not decide that issue here, however, because, at the very least, it is certainly not "beyond dispute" that the court exceeded the scope of the exception and thus violated the *Apprendi* rule. *See State v. Yashin*, 199 Or App 511, 519, 112 P3d 331 (2005) ("We cannot say beyond dispute that 'the fact of a prior conviction' excludes subsidiary fact-finding necessary to the determination that a conviction is, as a legal matter, usable for the purpose of increasing a sentence."). Indeed, where ORS 137.635 does not itself establish the length of any sentence, it is reasonably in dispute whether a sentence imposed under ORS 137.635 "increases the penalty for a crime beyond the prescribed statutory maximum."

Defendant also contends that, notwithstanding our cases recognizing the *Apprendi* exception, *see Perez*, 196 Or App at 371; *Yashin*, 199 Or App at 516, the exception is itself of "doubtful validity." Even assuming that defendant's doubts about the validity of that exception were well founded, that argument cannot advance his cause here, where he challenges the sentence for the first time on appeal. The court's action was not plainly erroneous.

Affirmed.