Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, petition for review dismissed July 29, 2009 (346 Or 590)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN ALLEN ROBERTSON,
*Defendant-Appellant.*

Lane County Circuit Court
200220627; A121423

205 P3d 78

Peter Gartlan, Chief Defender, Appellate Division, and Susan F. Drake, Senior Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Robertson*, 203 Or App 18, 125 P3d 20 (*Robertson I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Robertson*, 345 Or 316, 195 P3d 63 (2008). In *Robertson I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Robertson I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of first-degree rape; three counts of first-degree sexual penetration; one count of first-degree sexual abuse; two counts of first-degree burglary; four counts of menacing; two counts of reckless endangerment; one count of stalking; one count of telephonic harassment; and two counts of attempting to elude police. The trial court imposed a durational departure sentence of 144 months' imprisonment on one of defendant's first-degree burglary convictions. The court gave the following reasons for its decision to impose the departure sentence:

> "[T]hat [defendant] was on probation under supervision from a court at that very time. That there was actual violence threatened against the individual; that is, [the victim]. That this is persistent involvement in similar activity against her, and its entire purpose was to terrorize her in her own home, which I take to be also independently a reason for a departure.
>
> "* * * * *
>
> "In addition * * * I think any one of the individual factors otherwise that I described would be a sufficient basis to justify departure."

Because the trial court stated on the record that each of the departure factors it identified was independently sufficient to support a departure, we need only examine the factor of defendant's probation status at the time of the offenses. As we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." Here, defendant was on probation for a prior conviction for telephonic harassment of the same victim. The jury convicted defendant of telephonic harassment in this case. Defendant's repeated harassment of the victim, culminating in his violent intrusion into her home, convinces us that there is no legitimate debate that the jury would have drawn the inferences of malevolence and failure to be deterred required by *Allen*. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.