Argued and submitted January 31, affirmed July 1, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES EDWARD MITCHELL,
*Appellant.*

## (90-521, 90-789, 90-796; CA A67146)

833 P2d 1324

James N. Varner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant challenges the sentences imposed after he pled guilty in case number 90-521 to burglary in the first degree, ORS 164.225, and no contest to burglary in the first degree in case numbers 90-789 and 90-796. The sentencing court designated case number 90-521 as the primary offense. OAR 253-03-001(17). The presumptive sentence under the guidelines for each of the three convictions is a prison term of 24 months. The court found substantial and compelling reasons to impose an upward departure in case number 90-521, and it sentenced defendant to 48 months in prison. The court sentenced defendant to 12 months in prison on each of the other convictions, all sentences to run consecutively. OAR 253-12-020; OAR 253-08-007.

Defendant argues that the reasons given by the court for the upward departure sentence in case number 90-521 were not "substantial and compelling." OAR 253-08-001. The court specifically relied on the circumstances that defendant had been on community release from the penitentiary when he committed the offenses and that he had previously committed crimes while he was on release status. Defendant contends that those are not aggravating factors listed in OAR 253-08-002(1)(b) and that the trial judge admitted that committing crimes while on community release is something that is not "unique."

The aggravating factors listed in the guidelines are not exclusive. *State v. Kennedy*, 113 Or App 134, 831 P2d 712 (1992). They also do not have to be "unique" to the individual defendant. The reasons must show why the circumstances are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. *State v. Wilson*, 111 Or App 147, 151, 826 P2d 1010 (1992). The essence of the court's explanation is that defendant is not deterred from committing crimes unless he is actually incarcerated. *See State v. Hill*, 112 Or App 213, 827 P2d 951 (1992). The court adequately explained why the presumptive incarceration term was not adequate to insure the security of the public. OAR 253-02-001.[1]

---

[1] Defendant appears to argue that the court could not impose consecutive sentences, because OAR 253-08-002(1)(b)(D) provides that the aggravating factor of "persistent involvement in similar offenses"

Affirmed.

---

"may be cited when consecutive sentences are imposed only if the persistent involvement in similar offenses or repetitive assaults is unrelated to the current offense."

However, the court did not rely on "persistent involvement in similar offenses" to support the departure. OAR 253-08- 002(1)(b)(D) does not apply.