## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM T. BERG, JR.,
*Appellant.*

(88-1122, 90-1100, 90-1111 & 90-1176;
CA A70354 (Control), A70355, A70356 & A70357)
(Cases Consolidated)

838 P2d 73

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Michael M. Pacheco, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

■ Defendant was found guilty of possession of a controlled substance, ORS 475.992(4), and pled guilty to driving under the influence of intoxicants, ORS 813.010, and driving while suspended. ORS 811.175; ORS 811.182. The trial court did not err in denying defendant's motion for judgment of acquittal on the possession charge. There was sufficient evidence to create a jury question whether he knowingly possessed cocaine.

■ Defendant also challenges the sentence imposed for his possession conviction. Under the sentencing guidelines, he came within grid block 1G, which has a presumptive probationary sentence. He was already on probation for an earlier conviction, also for possession of a controlled substance. The court imposed a dispositional departure sentence of six months in prison. OAR 253-08-005.

Defendant argues that the departure is not supported by aggravating factors, because his prior conviction was already reflected in the grid block and, therefore, could not be used to enhance his sentence. Insofar as the departure was based on defendant's prior similar offenses, we have answered his argument contrary to his position. *State v. Kennedy*, 113 Or App 134, 813 P2d 712 (1992). We have also held that a dispositional departure is supported by substantial and compelling reasons when a defendant is on probation and probation does not deter her from committing new criminal activity. *State v. Hill*, 112 Or App 213, 827 P2d 951 (1992).

■ Defendant also relies on OAR 253-08-002(3), which provides:

> "Any aspect of the current crime of conviction which serves as a necessary element of a statutory mandatory sentence may not be used as an aggravating factor if that aspect is also used to impose the mandatory sentence."

Defendant's argument appears to be that his prior convictions are "elements" of his placement in the grid block. Therefore, because he has to be sentenced under the guidelines, he is being sentenced under a "statutory mandatory sentence," and his prior convictions cannot be used as aggravating factors to support a departure.

Defendant is wrong. Prior convictions are not "aspects of the current crime of conviction." The court did not impose a mandatory sentence, and OAR 253-08-002(3) does not apply.[1]

■     Defendant also argues that the court erred in imposing fines and assessments. He argues that the court did not inquire into his ability to pay, as required by ORS 161.645 and ORS 161.665. Defendant waived any claim of error by failing to object. *State v. Daniel*, 115 Or App 177, 836 P2d 1366 (1992).

Affirmed.

---

[1] Guidelines sentences are not "statutory mandatory" sentences. Application of the guidelines is mandatory, but the sentences are presumptive. ORS 137.669 provides:

"The guidelines adopted by the State Sentencing Guidelines Board and approved by the Legislative Assembly under ORS 137.667, together with any amendments, supplements or repealing provisions enacted by the Legislative Assembly, shall control the sentences for all crimes committed after the effective date of such guidelines. Except as provided in ORS 137.671 [imposition of departure sentences], the incarcerative guidelines and any other guidelines so designated by the board shall be mandatory and constitute presumptive sentences."