On appellant's petition for reconsideration and request for leave to file supplemental briefing filed April 23, and appellant's petition for reconsideration and memorandum in support filed June 1, reconsideration (of former opinion 193 Or App 164, 90 P3d 636 (2004)) allowed; sentences on counts 1 and 2 in case number C002847CR vacated; remanded for resentencing; otherwise affirmed March 16, 2005

STATE OF OREGON,
*Respondent,*

*v.*

SAMUEL JAMES ALLEN,
*Appellant.*

C002847CR and C011876CR;
A117220 (Control) and A117851
(Cases Consolidated)

108 P3d 651

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender,

Office of Public Defense Services, for petitions and supplemental briefing filed January 18, 2005.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, for supplemental brief filed February 10, 2005.

Before Haselton, Presiding Judge,* and Linder and Ortega, Judges.

LINDER, J.

---

*Haselton, P. J., *vice* Deits, Judge pro tempore

**LINDER, J.**

Defendant appealed three convictions for unlawful delivery and possession of a controlled substance, ORS 475.992. After defendant filed a brief pursuant to *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991), and ORAP 5.90, we affirmed his convictions without opinion. *State v. Allen*, 193 Or App 164, 90 P3d 636 (2004). Defendant now asks us to reconsider our decision, raising two arguments based on United States Supreme Court cases that were decided after his brief was filed. We grant the petition for reconsideration. On reconsideration, we affirm defendant's convictions but vacate the sentences on two of his convictions and remand for resentencing.

■ First, relying on *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004), defendant argues that the state introduced hearsay evidence at trial that violated his constitutionally protected right to confrontation. Defendant was charged with and convicted of several drug-related offenses. At trial, the state introduced a laboratory report detailing the nature and quantity of the controlled substances in question. Defendant did not object to the evidentiary use of that report. On appeal, however, he argues that its admission into evidence, without the accompanying testimony of the expert who prepared it, violated his constitutional confrontation rights under *Crawford* and was plain error. For the reasons identified in *State v. Thackaberry*, 194 Or App 511, 516-17, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005), however, the asserted error is not apparent on the face of the record, nor is it an error that we would exercise our discretion to review. On reconsideration, therefore, we reject defendant's argument that it was plain error under *Crawford* to admit the report, and we affirm defendant's convictions.

■ As a second ground for reconsideration, defendant argues that his sentences violated his constitutional right to a jury under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). The trial court imposed upward departure sentences on two of defendant's convictions for unlawful delivery and possession of a controlled substance, citing defendant's "persistent involvement unrelated

to current crime" and his parole status at the time of this offense.[1] Defendant argues that the imposition of the upward departure terms based on facts that were not proved to a jury beyond a reasonable doubt renders his sentences unconstitutional under *Blakely*. In so arguing, defendant concedes that his argument is unpreserved but contends that we should review it as plain error.

Under our decision in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), defendant's plain error argument is well founded. We observed in *Perez* that a sentence can lawfully be increased beyond the maximum otherwise authorized, without a jury's determination of the aggravating factor, when the increase is based on the "bare fact" of one or more prior convictions. *Id*. at 371. But we concluded that a finding of "persistent involvement" requires an inference that goes beyond the mere existence of a criminal record because it captures " 'a separate malevolent quality in the offender represented by the repetitive nature or pattern of the offender's criminal behavior over and above simply counting the number of offenses in an offender's criminal history.' " *Id*. at 372-73 (citation omitted). The same is true of a defendant's probation or parole status when he committed the offenses of conviction: "the issue whether a previous term of parole or probation 'failed to deter' defendant from committing further offenses" goes beyond the bare fact of a prior conviction and the sentence for it. *Id*. at 371-72. Where a defendant does not admit such aggravating factors, and the state does not prove them beyond a reasonable doubt to a jury, imposition of a departure sentence in reliance on those factors is plain error that requires us to vacate the departure sentence and remand for resentencing.

That is the appropriate remedy in this case. To be sure, as the state points out, defendant testified that he previously had been convicted of numerous crimes, and copies of the judgments of conviction for some of those crimes were admitted in evidence. Defendant also identified the person

---

[1] The upward departure sentences were imposed on count 1 and count 2 in case number C002847CR. On a third conviction for possession of a controlled substance (case number C011876CR), the trial court imposed a dispositional departure sentence based on "the stipulation of the defendant." Defendant does not challenge the dispositional departure on that third conviction.

serving as his parole officer at the time of his current offenses. Thus, the state is correct that defendant effectively "admitted" his criminal record and his parole status.

But that is all that defendant admitted. As *Perez* discusses, an upward departure based on "persistent involvement" or parole status requires further inferences about the malevolent quality of the offender and the failure of his parole status to serve as an effective deterrent. Defendant did not admit those further facts. He therefore was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt.[2]

In addition to challenging the upward departure sentences imposed on two of the convictions, defendant also challenges as plain error the trial court's order, as part of the sentences on all three of his convictions, that he would not be eligible for consideration for so-called "Senate Bill 936 credits" on his convictions (*e.g.*, early release and sentence reduction programs). *See* ORS 137.750. In so ordering, the trial court relied on defendant's criminal record generally and the factors that caused the court to impose the upward departure sentences. Defendant argues that those portions of the sentences also are unconstitutional under *Blakely* and qualify as plain error. Defendant's challenge in that regard is moot as to the sentences on the convictions that we otherwise vacate and remand for resentencing (counts 1 and 2 in case number C002847CR). As to the sentence on the remaining conviction (case number C001876CR), the issue does not qualify as plain error. *State v. Vigil*, 197 Or App 407, 106 P3d 656 (2005).

Reconsideration allowed; sentences on counts 1 and 2 in case number C002847CR vacated; remanded for resentencing; otherwise affirmed.

---

[2] On the pertinent charges, defendant pleaded not guilty and was tried by the court after he waived his right to a jury. The record provides no basis for a conclusion that defendant, in waiving his right to a jury trial, did so knowing that he had the right to have a jury determine the aggravating factors. Defendant's waiver therefore did not render his sentence lawful. *State v. Gornick*, 196 Or App 397, 409, 102 P3d 734 (2004).