Submitted on record and briefs July 11, sentences vacated; remanded for resentencing; otherwise affirmed August 10, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## BRUCE LEE WILSON,
*Appellant.*

03C-42775; A123380

116 P3d 953

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of kidnapping in the second degree, ORS 163.225; robbery in the third degree, ORS 164.395; unauthorized use of a vehicle, ORS 164.135; felony attempt to elude, ORS 811.540; failure to perform the duties of a driver, ORS 811.700; burglary in the first degree, ORS 164.225; and resisting arrest, ORS 162.315. The trial court imposed an upward durational departure sentence on the kidnapping conviction, based on findings concerning the degree of harm to the victim and the fact that defendant committed the crime while on parole. On appeal, defendant challenges only the sentence on the kidnapping conviction, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that the court did not submit to a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentence is plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.