On respondent's petition for reconsideration filed April 20, response to respondent's petition for reconsideration filed August 3, and reply to response to petition for reconsideration filed September 8, reconsideration allowed; opinion (198 Or App 392, 108 P3d 651) clarified and adhered to as clarified November 16, 2005

STATE OF OREGON,
*Respondent,*

*v.*

SAMUEL JAMES ALLEN,
*Appellant.*

C002847CR and C011876CR;
A117220 (Control) and A117851
(Cases Consolidated)

123 P3d 331

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, for petition and reply.

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services, *contra.*

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

The state petitions for reconsideration of our decision in *State v. Allen*, 198 Or App 392, 108 P3d 651 (2005), in which we vacated the sentences of two of defendant's three drug offense convictions and remanded for resentencing. Defendant asserted that the imposition of a departure sentence on two of those convictions based on a judicial finding that he was on supervision at the time of the crime violated the Sixth Amendment as interpreted in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We agreed that, although the argument was unpreserved, the sentence was plainly erroneous. *Allen*, 198 Or App at 395-96. In response to the state's argument that the finding fell within the *Blakely* exception for facts admitted by the defendant, we noted that, although defendant had testified and identified the person serving as his parole officer at the time of the offenses, "an upward departure based on * * * parole status requires further inferences about the malevolent quality of the offender and the failure of his parole status to serve as an effective deterrent. Defendant did not admit those further facts." *Id.* at 396 (citing *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005)). Thus, we concluded that, although defendant had admitted that he was on supervision, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." *Allen*, 198 Or App at 396.

On reconsideration, the state argues that whether additional factfinding was required for imposition of a departure sentence based on supervision status is "reasonably in dispute," *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991), and thus cannot constitute plain error. We allow reconsideration and adhere to our previous opinion as clarified below.

In *Perez*, we noted that the defendant acknowledged at sentencing that he had been on supervision at the time of the offenses, that the court had imposed departure sentences based on findings that the defendant had been persistently involved in similar offenses, that the defendant had been on

supervision at the time of the offenses, and that previous supervision had failed to deter him from engaging in further crimes. 196 Or App at 367. We held that being on supervision falls outside the exception for "the fact of a prior conviction." *Id.* at 369-72. We did not, however, discuss the relevance of the defendant's admission at sentencing that he had been on supervision. But in this case that issue was squarely presented. Here, it could be inferred from defendant's testimony that he was on parole at the time of the offenses, and the court expressly imposed a departure sentence based on a finding that defendant was on parole when he committed the offenses. *Allen*, 398 Or App at 395-96. Nevertheless, as noted above, we concluded that the upward departure sentence constituted plain error because defendant's admission did not encompass the required inferences as to "the malevolent quality of the offender and the failure of his parole status to serve as an effective deterrent." *Id.* at 396.

The state argues on reconsideration that we were wrong to treat as "plain error" the imposition of a departure sentence based solely on defendant's being on supervision. In support of its argument that there was no plain error, the state relies on *State v. Williams*, 133 Or App 191, 891 P2d 3, *rev den*, 321 Or 512 (1995); *State v. Nelson*, 119 Or App 84, 849 P2d 1147 (1993), *State v. Berg*, 115 Or App 254, 838 P2d 73 (1992), *rev den*, 315 Or 312 (1993); and *State v. Mitchell*, 113 Or App 632, 833 P2d 1324 (1992). The state asserts that in none of those cases did this court suggest that the trial court was required to make an additional factual finding that prior supervision had failed to deter the defendant from committing further offenses. From that assertion, the state goes on to posit that "a defendant's supervision status, *by itself*, warrants a departure." (Emphasis in original.) As explained below, we agree with the state's first point but not its second point.

In *Williams*, we rejected a defendant's argument that probationary status at the time of the commission of a new crime warranted a dispositional departure from a probationary sentence to a sentence of incarceration but did not warrant a durational departure on the length of incarceration:

"Our holdings [in prior cases concerning this factor] were not dependent on whether the departure was durational or dispositional, but rather on the defendants' disregard for any laws and inability to be deterred from committing new criminal activity."

133 Or App at 195 n 2. In *Nelson*, we approved a departure based on a finding that the defendant was on pretrial release when the crime was committed, noting that, in *Mitchell* and *State v. Hill*, 112 Or App 213, 827 P2d 951 (1992), we had held that "a defendant's failure to be deterred from committing crimes while on probation or release demonstrates a substantial and compelling reason to depart." *Nelson*, 119 Or App at 87. In *Mitchell*, we upheld the use of that factor because the essence of the court's rationale for using the factor was that the "defendant is not deterred from committing crimes unless he is actually incarcerated." 113 Or App at 634. In *Hill*, likewise, we upheld the use of that factor because the court had determined that, in light of past probationary terms, the defendant "would not be deterred from criminal activity by being placed on probation, which is the presumptive sentence under the guidelines." 112 Or App at 214. *See also Berg*, 115 Or App at 256 ("[A] dispositional departure is supported by substantial and compelling reasons when a defendant is on probation and probation does not deter her from committing new criminal activity."). Thus, in all of those cases, we upheld the use of a departure sentence based on the defendant's supervision status under the rationale that the commission of a new crime demonstrated that supervision had not deterred the defendant. We did not, however, as the state correctly notes, require an explicit or formal finding to that effect by the trial court.

*Perez* is not inconsistent with that line of cases and casts no doubt on them. In *Perez*, the trial court actually made an explicit finding that "repeated previous supervision had failed to deter [the] defendant from engaging in further criminal conduct." 196 Or App at 367. In rejecting the state's argument that such findings fit within the *Blakely | Apprendi* exception for the "fact of a prior conviction," we stated:

"[T]he allegation that [the] defendant was on probation or parole when he committed the offenses of conviction has not been proved to a jury beyond a reasonable doubt, so the

> same 'procedural safeguards' had not attached to that 'fact' when he was sentenced. Moreover, *the issue whether a previous term of parole or probation 'failed to deter' [the] defendant from committing further offenses is even more removed from any previous factual determination by a jury.*"

*Id.* at 371-72 (emphasis added). In our original opinion in this case, we cited that language from *Perez* and reached the same conclusion about the other *Apprendi/Blakely* exception—facts admitted by the defendant—that a defendant's admission of his supervision status does not constitute an admission that an upward departure sentence is warranted because supervision failed to deter further criminal activity. That conclusion flowed inexorably from *Perez* and from all of our prior case law concerning the use of that departure factor.

In sum, the state is incorrect that our prior case law leaves open to reasonable dispute whether a defendant's supervision status is—"by itself and as a matter of law," as the state puts it—sufficient grounds for imposition of a departure sentence. All of our prior case law concerning that departure factor supports our conclusion that a departure based on it is warranted only if the factfinder can draw an inference as to "the malevolent quality of the offender and the failure of his parole status to serve as an effective deterrent." *Allen*, 198 Or App at 396. Because defendant's admission did not encompass such an inference, his sentence cannot be upheld.

Reconsideration allowed; opinion clarified and adhered to as clarified.