Submitted on record and brief August 4, sentences vacated; remanded for resentencing; otherwise affirmed December 7, 2005

STATE OF OREGON,
*Respondent,*

*v.*

TRACY STEVEN WISE,
*Appellant.*

20-03-17404; A123788

125 P3d 30

Priscilla A. Maloney filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder, Judge, and Breithaupt, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant was convicted on two counts of theft in the first degree. ORS 164.055. On the first count, the court imposed a departure sentence of 26 months' imprisonment based on a finding that defendant committed the crime while on post-prison supervision. On the second count, the court imposed a departure sentence of 26 months' imprisonment based on findings that defendant committed the crime while on post-prison supervision and was persistently involved in criminal activity. The sentences were ordered to run consecutively, based on a finding that they were separate and distinct crimes. On appeal, defendant assigns error to (1) the trial court's imposition of departure sentences on both counts based on facts that were neither admitted by defendant nor found by a jury; and (2) the trial court's imposition of consecutive sentences based on a finding that the crimes were separate and distinct. Defendant concedes that he did not preserve his challenges. We decline to review defendant's challenge to the imposition of consecutive sentences. *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005). However, for the reason stated in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we exercise our discretion to correct, as error apparent on the face of the record, the trial court's imposition of departure sentences based on facts that were neither admitted by defendant nor found by a jury.

Sentences vacated; remanded for resentencing; otherwise affirmed.