Submitted on record and briefs November 30, sentences vacated; remanded for resentencing; otherwise affirmed December 28, 2005

## STATE OF OREGON,
### *Respondent,*

*v.*

## ALEXANDER WOLFGANG LANTZSCH,
### *Appellant.*

041032; A124649

124 P3d 1287

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and David Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted of possession of a controlled substance in the second degree, ORS 475.992, and possession of one ounce of marijuana or less near a school, ORS 475.999. The trial court imposed an upward departure sentence, based on a finding that defendant was on probation at the time of the offense and a finding of persistent involvement in similar offenses. The trial court also found that either of the factors was sufficient to support a departure. On appeal, defendant challenges only the sentence, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts that defendant did not admit and that were not found by a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error.

The state argues that defendant admitted he was on probation at the time of the offense, and therefore that the court did not err in imposing a departure sentence based on that factor. In *State v. Allen*, 198 Or App 392, 395-96, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), we explained that the imposition of an upward departure sentence based on a defendant's supervisory status requires inferences, beyond the bare fact that the defendant was on supervision, about the "malevolent quality" of the defendant and the failure of supervision to serve as an effective deterrent. Even if defendant acknowledged that he was on probation, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." *Id*. The trial court's imposition of a departure sentence based on a judicial finding that defendant was on probation at the time of the crime is therefore plain error.

In addition, the state concedes that, under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488

(2005), the trial court's imposition of a departure sentence based on a judicial finding of persistent involvement is plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to reach the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.