On appellant's petition for reconsideration filed April 5, and relators-respondents' response to intervenor-appellant's petition for reconsideration filed April 10, reconsideration allowed; opinion (204 Or App 690, 131 P3d 855) clarified and adhered to as clarified June 14, 2006

STATE ex rel Ken BUTLER
and The Port of Bandon,
a municipal corporation,
*Relators-Respondents,*

*v.*

The CITY OF BANDON,
a municipal corporation,
*Respondent,*

*and*

Gary CHANG,
*Intervenor-Appellant.*

03CV0276; A124129

136 P3d 1199

Douglas M. DuPriest, Zackary P. Mittge, and Hutchinson, Cox, Coons, DuPriest, Orr & Sherlock, P.C., for petition.

Jerry Lesan for response.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Murphy, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

Intervenor Gary Chang petitions for reconsideration of our decision in *State ex rel Butler v. City of Bandon*, 204 Or App 690, 123 P3d 331 (2006), in which we affirmed the trial court's issuance of a peremptory writ of mandamus compelling the City of Bandon to grant a permit for construction of a building on property belonging to the city and known as the "High Dock." The building would serve as a booking office for a charter fishing boat business and include facilities for freezing, packing, storing, and shipping of fish catches from the charter operation and some retail uses. Intervenor raises several objections to our opinion, all but one of which depend on arguments relating to the applicability of Statewide Land Use Planning Goals 16 and 17 to the trial court's decision on review. We do not find intervenor's goal-related arguments persuasive and decline his request to reconsider those issues.

In a separate argument, intervenor asserts that we erred in making the statement that, "[i]ntervenor does not contend that the proposed building would not be permitted in the Marine Commercial zone. Accordingly, if intervenor's arguments on appeal solely pertained to the meaning of those regulations, we would readily conclude that the proposed building is a permitted use." *Id.* at 697. The quoted portion of our opinion concluded our discussion of a change that the city made to its land use regulations that affected areas including the High Dock. The change removed the "especially suited for water-dependent" (ESWD) uses overlay designation from some properties, including the High Dock, that were subject to Marine Commercial C-3 zoning. *Id.* at 695.

Intervenor argued that the appropriate zoning designation *included* the ESWD overlay, but he points to a portion of his brief on appeal in which he argued in the alternative that, if the Marine Commercial C-3 zone (without the ESWD designation) were applicable to relator's proposed development, the use of the proposed building for a business and ticket office is not permitted in the zone without a conditional use permit.

We agree with intervenor that he did argue that the proposed use could not be authorized in the Marine Commercial Zone without a conditional use permit. However, our mistake as to the extent of his argument does not undermine our ultimate decision. As relator pointed out in his response to intervenor's petition for reconsideration, uses that are permitted outright—not conditionally—in the Marine Commercial C-3 zone include seafood processing, storage and sales; marinas and boat services; and fishing supply sales, manufacturing and storage. *See* Bandon Municipal Code section 17.48.020.[1] The city planning commission determined that "the proposed use and activities associated therewith to be conducted on the premises are permitted uses in the C-3 zone as seafood processing, storage and sale, boat services, fishing supply sales and items incidental thereto." After quoting that determination, the trial court observed that intervenor had not shown that it was erroneous. In our original opinion, we concluded that the issuance of a permit for the building would not violate a substantive provision of the local comprehensive plan or implementing land use regulations. *State ex rel Butler*, 204 Or App at 694-97. Our review of those documents confirms our conclusion that the proposed building is a use that is permitted outright in the Marine Commercial C-3 zone.

In short, although intervenor did argue in his brief on appeal that a conditional use permit would be required for the proposed use, his argument was not a persuasive one. We therefore allow reconsideration, clarify our original opinion, and adhere to it as clarified.

Reconsideration allowed; opinion clarified and adhered to as clarified.

---

[1] Conditional uses in the Marine Commercial C-3 zone are listed in Bandon Municipal Code, section 17.48.030. That section does not list the uses at issue here.