Argued and submitted April 18, sentences vacated; remanded for resentencing; otherwise affirmed May 23, petition for review denied October 4, 2007 (343 Or 224)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH WAYNE PHILLIPS,
*Defendant-Appellant.*

Multnomah County Circuit Court
020935355; A124805

159 P3d 1223

Daniel J. Casey argued the cause and filed the brief for appellant. Kenneth Wayne Phillips filed the supplemental brief *pro se.*

Susan G. Howe, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Simpson, Judge pro tempore.

PER CURIAM

## PER CURIAM

After a jury trial, defendant was convicted of first-degree assault with a firearm, ORS 163.185, second-degree kidnapping, ORS 163.225, and felon in possession of a firearm, ORS 166.270. On the assault conviction, the trial court imposed a durational departure sentence of 180 months' imprisonment, based on the court's findings that defendant was on supervision at the time of the offense and that defendant had permanently injured the victim.

On appeal, defendant makes several assignments of error relating to the trial court's rulings on the admissibility of evidence and to the instructions the court gave to the jury. We reject all of those assignments without discussion. Defendant also assigns error to the trial court's imposition of a departure sentence. He argues that the sentence violated his right to a jury trial as articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), because it was based on facts that were not admitted by him or found by a jury. Although he did not advance such a challenge below, he argues that the sentence should be reviewed as plain error.

The state acknowledges that, under *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev allowed*, 342 Or 256 (2007), defendant's sentence was plainly erroneous. The state also argues, however, that *Ramirez* was incorrectly decided. We decline to reconsider our decision in *Ramirez*. Under that decision, imposition of the departure sentence was plain error, and the proper disposition is to vacate defendant's sentences and remand the case for resentencing.

Sentences vacated; remanded for resentencing; otherwise affirmed.