Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed
March 4, petition for review denied May 14, 2009 (346 Or 214)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM ERVIN VERHEIN,
*Defendant-Appellant.*

Lane County Circuit Court
200310020; A122638

203 P3d 370

Andrew Chilton and Chilton & Galli, LLC., for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Verhein*, 205 Or App 567, 134 P3d 1112 (2006) (*Verhein I*) in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Verhein*, 345 Or 316, 195 P3d 64 (2008). In *Verhein I*, we vacated defendant's sentence and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Verhein I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of first-degree assault and two counts of first-degree robbery. The trial court imposed a durational departure sentence of 230 months' imprisonment on one of the first-degree assault convictions, stating that "[t]he departure is based on the fact that you were on post-prison supervision at the time of the commission of the offense or persistent involvement."

Because it is dispositive, we begin and end with the departure factor of defendant's supervision status at the time he committed his current offenses.[1] As we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent."

In this case, defendant testified on cross-examination to having been recently released from prison, following a sentence for manslaughter, at the time he committed his current

---

[1] It is dispositive because the trial court stated that either of the departure factors it identified was sufficient to support its decision to depart.

offenses, and to having been convicted of felon in possession of a firearm between the time of his release and the time he committed his current offenses. Defendant also testified that he supported himself after his release from prison by selling methamphetamine. At sentencing, the prosecutor represented that defendant had been on post-prison supervision after his release on the manslaughter conviction. The prosecutor also informed the court that defendant had committed the manslaughter offense while on post-prison supervision for an earlier conviction. The assertions were uncontroverted. On this record, we conclude that there is no legitimate debate that the jury would have drawn the inference required by *Allen*. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.