Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, petition for review denied July 9, 2009 (346 Or 364)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEROME PINKNEY JACKSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
030331245; A122955

205 P3d 98

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Jackson*, 201 Or App 208, 117 P3d 315 (*Jackson I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Jackson*, 345 Or 315, 195 P3d 63 (2008). In *Jackson I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Jackson I* was erroneous. Accordingly, we affirm.

Defendant was convicted of one count of second-degree robbery and one count of third-degree robbery. On the second-degree robbery conviction, the trial court imposed a durational departure sentence of 102 months' imprisonment. The court imposed that sentence because "defendant [was] on supervision at time of incident and persistent involvement."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if either one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

We first examine the departure factor of defendant's supervision status at the time he committed his current offenses. As we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an

upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." In this case, defendant had an extensive criminal history, which included parole violations in 1975, 1979, 1983, 1985, 2000, and 2002. That evidence was uncontroverted, and, in our view, removes all legitimate debate that the jury would have drawn the inference that defendant had failed to be deterred by his supervisory status.

■ With regard to the departure factor of defendant's persistent involvement in similar offenses, as we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." Here, defendant had convictions for armed robbery (1971); first-degree robbery (1972 and 1973); two burglaries (1976); felon in possession of a firearm (1979 and 1983); bank robbery (1985); use of a weapon (1988); unlawful weapons possession (1989); and robbery (1991). Defendant committed his current offenses in 2003, but the state presented uncontroverted evidence that, between 1991 and 2001, defendant was incarcerated in a federal prison for his 1985 bank robbery conviction. Defendant was released on federal parole in 2001, violated his parole, and was re-released in 2002. On this record, we conclude that there is no legitimate debate that the jury would have drawn the inferences required by *Bray*. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.