Submitted on remand from the Oregon Supreme Court October 29, 2008, remanded for resentencing; otherwise affirmed April 8, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHRISTOPHER LEE RUSSELL,
*Defendant-Appellant.*

Lane County Circuit Court
200314609; A123638

206 P3d 219

Anne Fujita Munsey, Senior Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Russell*, 200 Or App 725, 117 P3d 301 (2005) (*Russell I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Russell*, 345 Or 316, 195 P3d 63 (2008). In *Russell I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Russell I* was proper. Accordingly, we again remand for resentencing.

Defendant was convicted of first-degree burglary, and the trial court imposed a durational departure sentence of 68 months' imprisonment. The court identified defendant's persistent involvement in similar offenses and the fact that he was on probation at the time he committed his current offense as departure factors, and specified that either would have been sufficient to support its decision to impose a departure sentence.

On this record, we cannot conclude that there is no legitimate debate that the jury would have found either of the departure factors identified by the trial court because the record reveals nothing about defendant's criminal history. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). The only representation of defendant's criminal history that the prosecutor made at sentencing was that "defendant has a lot of recent criminal history. He just seems to keep going and going. I don't know what the answers are to turn him around." As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been

persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." Because the record in this case does not disclose the number, the date, or the nature of defendant's "recent criminal history," or if that criminal history produced any convictions, we cannot say that the jury necessarily would have drawn the inference of persistence required by *Bray*.

With regard to the second departure factor, although defense counsel conceded at sentencing that defendant was on probation at the time he committed his current offense, as we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent," inferences which must be based on evidence of the defendant's individual characteristics adduced at trial or sentencing. The record in this case is devoid of such evidence. It follows that we cannot conclude that there is no legitimate debate that the jury would have found the departure factor.

We exercise our discretion to correct the trial court's error in this case for two reasons. First, as discussed, there is a legitimate debate regarding whether a jury would have found either of the departure factors the court relied on. Second, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Imposition of the departure sentence increased defendant's term of incarceration by 38 months. Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.