Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed April 8, 2009

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**TRACY STEVEN WISE,**
*Defendant-Appellant.*

Lane County Circuit Court
200317404; A123788

206 P3d 216

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Wise,* 203 Or App 112, 125 P3d 30 (2005) (*Wise I*), in light of *State v. Ramirez,* 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons,* 344 Or 195, 179 P3d 673 (2008), and *State v. Fults,* 343 Or 515, 173 P3d 822 (2007). *State v. Wise,* 345 Or 317, 195 P3d 64 (2008). In *Wise I,* we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults,* we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Wise I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of first-degree theft. The trial court imposed durational departure sentences of 26 months' imprisonment on both counts. The court gave the following reasons for its decision to impose departure sentences:

"You have 38 prior convictions that span over 30 years.

"Sir, it will be the order of the court as follows: On count one, theft in the first degree, * * * [t]he court finds the further aggravating factors of this crime were committed while you were on post-prison supervision; and independently of that, the court finds your persistent involvement in crimes unrelated to the incident offense[.]

"* * * * *

"On count two, theft in the first degree, the court makes the same findings as in count one * * * that you were on post-prison supervision at the time of this offense, that there's a separate aggravating factor independent of that based upon your persistent involvement in criminal activity."

We understand the trial court to have determined that either of the departure factors it identified was independently sufficient. We therefore need examine only the factor

of defendant's post-prison supervision status at the time he committed his current crimes. As we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." On this record, we conclude that there is no legitimate debate that the jury would have drawn the inferences required by *Allen*. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Defendant had 38 prior convictions, extending back 30 years, including numerous property crimes, drug offenses, rape, and manslaughter. In light of that uncontroverted evidence of defendant's extensive prior engagement with the criminal justice system, we are convinced that the jury in this case would have drawn both the inference of malevolence and the inference that defendant had failed to be deterred by his post-prison supervision status. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.