Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed April 8, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KENNETH WAYNE PHILLIPS,
*Defendant-Appellant.*

Multnomah County Circuit Court
020935355; A124805

206 P3d 215

Daniel J. Casey for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Phillips*, 213 Or App 122, 159 P3d 1223 (2007) (*Phillips I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Phillips*, 345 Or 316, 195 P3d 63 (2008). In *Phillips I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Phillips I* was erroneous. Accordingly, we affirm.

Defendant was convicted of first-degree assault with a firearm, second-degree kidnapping, and felon in possession of a firearm. The trial court imposed a durational departure sentence of 180 months' incarceration on the first-degree assault conviction. The court gave the following reasons for its decision to impose a departure sentence: "(1) Defendant was on supervision at time of crime; (2) permanent injury to victim."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if either one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

With regard to the departure factor of defendant's post-prison supervision status at the time he committed his current crime, as we explained in *State v. Allen*, 198 Or App

392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." In this case, defendant was on post-prison supervision for a prior conviction for robbery, and the evidence adduced at trial showed that defendant had shot the victim during a dispute about defendant's plan to commit a new robbery. Given that evidence, we conclude that there is no legitimate debate that the jury would have drawn the inference required by *Allen*.

With regard to the departure factor of the victim's permanent injury, the victim testified at trial that he was paralyzed from the neck down; in closing argument, and again at sentencing, the prosecutor represented that the victim would never walk again. Although defendant now argues that no evidence conclusively established that the victim's condition was permanent, we conclude that there is no legitimate debate that the jury would have found that the victim suffered a permanent injury: he appeared at trial— 15 months after defendant shot him—in a wheelchair and paralyzed from the neck down. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.