Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed April 22, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRUCE LEE WILSON,
*Defendant-Appellant.*

Marion County Circuit Court
03C42775; A123380

206 P3d 1060

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Wilson*, 201 Or App 212, 116 P3d 953 (2005) (*Wilson I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Wilson*, 345 Or 316, 195 P3d 64 (2008). In *Wilson I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Wilson I* was erroneous. Accordingly, we affirm.

■■ Defendant was convicted of second-degree kidnapping and several other offenses after he stole a car in which the victim, a 17-month-old infant, was sleeping, and defendant subsequently engaged the police in a high-speed car chase. The trial court imposed a durational departure sentence of 120 months' imprisonment on the kidnapping charge. The court gave the following reasons for its decision to impose a departure sentence:

"[I]t's my job to sort of put things in perspective in terms of tempering—

"* * * * *

"* * *—what you did versus—you know—other people who are charged similarly and get sentences. And this kidnapping charge—I have to say the part I thought was the most—and of course I didn't watch him get taken away, but the scariest part for me was the high-speed chase down Front Street with the baby in the back. You know, frankly, I don't care if somebody in a high-speed chase kills himself. You could kill [the victim]. And so you didn't. Thank God you didn't. But that was really an aggravating circumstance regarding the kidnapping charge.

"The legislature, on a straight kidnapping without aggravators, says * * * 70 months is appropriate. * * * But I

do think durational departure is appropriate because of the fact that you were on parole. Just like I said, the degree of harm. And [defendant's mother] talking about the victim's family—I'm talking about the victim himself in terms of what happened while he was in your care. And so I think those two things equally deserve an upward departure. So I am going to sentence you to 120 months."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

With regard to the first departure factor, defendant's post-prison supervision status, as we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." On this record, we readily conclude that there is no legitimate debate that the jury would have drawn the inferences of malevolence and failure to be deterred required by *Allen*; for the same reason, we also conclude that there is no legitimate debate that the jury would have found that the harm inflicted by defendant in this case was aggravated.

In this case, the victim was 17 months old at the time of the crime and was strapped into his car seat in the rear of his mother's car as she stood beside the car. Defendant pushed her to the ground, got into the vehicle, and drove away. Later that evening defendant was driving the same car, with the victim still in his car seat, toward Salem when he was observed by the police. Defendant led officers on a chase through downtown Salem at speeds exceeding 90 miles per hour. Eventually, officers were able to disable the car by

ramming it. Defendant jumped out, escaped on foot, and was finally captured after he broke into a residence, accosted the occupant, and fought with several Salem police officers and a canine unit. Although the victim was physically unharmed, the uncontroverted evidence of the car chase persuades us that there is no legitimate debate that the jury would have found the departure factors that the trial court relied on. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.