Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 29, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## THOMAS RAE BRUCE,
*Defendant-Appellant.*

Tillamook County Circuit Court
021264; A122026

206 P3d 1123

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Bruce*, 201 Or App 295, 118 P3d 279 (2005) (*Bruce I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Bruce*, 345 Or 315, 195 P3d 62 (2008). In *Bruce I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on a judicial finding that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Bruce I* was erroneous. Accordingly, we affirm.

■ ■ Defendant was convicted of first-degree theft and felon in possession of a firearm. The trial court imposed a durational departure sentence of 60 months' imprisonment. The court gave the following reason for its decision to impose the departure sentence:

"On Count 4 which is the felon in possession of a firearm * * * I'm going to do an upward departure on that. I think that's appropriate considering your history which is captured in the sentencing grids. But this conviction comes about when you were on supervision, postprison supervision.

"* * * * *

"* * * But for that being on supervision, I think that's a basis to go up. So it's going to be 60 months."

As we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory]

status to serve as an effective deterrent." Here, it is uncontested that defendant was on supervision at the time he committed his current offense. Defendant had previously been convicted of three felony sex offenses and was on supervision following his release on those convictions; before committing his current offenses, defendant had absconded from supervision and failed to register as a sex offender as required by the terms of his supervision. On this record, we conclude that there is no legitimate debate that the jury would have drawn the inferences of malevolence and failure to be deterred required by *Allen. See Ramirez,* 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.