Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed May 13, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN RAYE FANNING,
*Defendant-Appellant.*

Coos County Circuit Court
04CR0143, 04CR0359;
A124507 (Control), A124508

208 P3d 530

Peter Gartlan, Chief Defender, and Bronson D. James, Chief Deputy Public Defender, Office of Public Defense Services, for appellant.

John R. Kroger, Attorney General, Erika Hadlock, Acting Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Fanning*, 206 Or App 584, 138 P3d 61 (2006) (*Fanning I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Fanning*, 345 Or 315, 195 P3d 62 (2008). In *Fanning I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Fanning I* was erroneous. Accordingly, we affirm.

■       Defendant was convicted in two separate charges of second-degree burglary and two counts of invasion of privacy. At the consolidated sentencing hearing, the trial court imposed a dispositional and durational departure sentence of 12 months' imprisonment on defendant's second-degree burglary conviction. The court gave the following reasons for its decision to impose the departure sentence:

> "Well, [defendant], you know, I'm substantially disappointed here. I do want to point out that I try and pay attention to these matters when they arise, in particular to give you the benefit of the doubt if you are convicted of something. And I did that in regards to this matter.

> "* * * I continued you on probation to give you the opportunity to complete that sex offender treatment [for a separate prior conviction] * * *.

> "* * * * *

> "And what's important for me to note to the record from the files that I have in my presence is that you were talking about your failure to enroll in the proper treatment program that you were sentenced to participate in * * *. So I think it's fair criticism that you have failed to take the steps necessary to attempt to rehabilitate yourself. And that's

particularly aggravated where that occurs in the context of your engaging in substantially similar behavior.

"* * * * *

"And that's exactly what [defendant] did before. [Defendant] was waiting in a bathroom, engaging in sexual behavior—or, a woman's bathroom, to observe other people, and for purposes of arousal. * * *.

"It's exactly the same thing [as defendant's current conviction] under just a modicum of difference in the circumstances.

"* * * * *

"On that basis, I'll find that there is grounds to both dispositionally and durationally depart. He is, without dispute, a 2-F on the Burglary charge.

"In that particular instance, I'll find that a dispositional departure to a prison sentence is appropriate based upon the fact that these events occurred while he was on probation. It doesn't matter that he was on probation for a similar offense. That just increases the fact that it warrants a dispositional departure.

"The durational departure from the maximum sentence is appropriate, because he has completely avoided efforts to rehabilitate himself, despite having several opportunities through the Probation Department, despite a significant amount of time. So, on that basis, I find that a durational and a dispositional departure is appropriate."

On this record, we conclude that there is no legitimate debate that the jury would have found the departure factors relied on by the trial court. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). With regard to the durational departure factor—defendant's post-prison supervision status at the time he committed his current offenses—as we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to

serve as an effective deterrent." Here, as the trial court noted, defendant was on post-prison supervision for a prior conviction for a very similar offense—invasion of privacy committed by observing women in restrooms—when he committed his current crimes. The court's recitation, which defendant did not contest, convinces us that the jury would have drawn the inferences of malevolence and failure to be deterred required by *Allen*.

■ With regard to the durational departure factor— defendant's avoidance of opportunities to rehabilitate himself—we similarly conclude that there is no legitimate debate that the jury would have found that departure factor. As the trial court pointed out to defendant, it had continued his probation on the earlier conviction in order to afford defendant the opportunity to enroll in sex offender treatment. Defendant failed to do so and instead decided to commit a substantially identical crime. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.