Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, petition for review denied July 29, 2009 (346 Or 590)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEFFERY SCOTT MARTINA,
*Defendant-Appellant.*

Lane County Circuit Court
200123691; A119119

205 P3d 87

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Martina*, 201 Or App 719, 120 P3d 495 (2005) (*Martina I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Martina*, 345 Or 316, 195 P3d 63 (2008). In *Martina I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Martina I* was erroneous. Accordingly, we affirm.

Defendant was convicted of manslaughter, and the trial court imposed a durational departure sentence of 240 months' imprisonment, 10 years of which was imposed pursuant to ORS 137.700. The court gave the following reasons for its decision to impose a departure sentence:

> "The reasons for this are that you have been involved, persistently involved in similar assaultive crimes unrelated to this case. That at the time of this incident you had recently been paroled from an assault sentence, a Measure 11 type sentence in which a knife was involved. Whatever efforts ha[ve] been made in the past for you to rehabilitate yourself or institutions or other agencies to try and rehabilitate you have not been successful. I think you are a significant threat to public safety and that a maximum period of incarceration will provide more public security."

■■ In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if any one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513

(setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). We conclude that there is no legitimate debate that the jury would have found the first departure factor—defendant's persistent involvement in assault crimes. As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compel the inference that his or her criminal behavior has been "persistent."

On this record, we conclude that the jury would have drawn the inference required by *Bray*. Defendant committed second-degree assault in 1995 and was placed on post-prison supervision (PPS) on August 10, 2001. Defendant committed his current crime on December 10, 2001, and was convicted on May 22, 2002. Defendant also was convicted of third-degree assault on March 4, 2002, arising out of an offense he committed on November 18, 2001. Defendant also had been convicted of fourth-degree assault on April 17, 2002, arising out an offense he committed on October 7, 2001. Thus, defendant committed two assaults and manslaughter within a period of just over two months, all within approximately four months of his release on PPS from a second-degree assault conviction.

■ With respect to the second departure factor, that defendant was under supervision at the time he committed his current crime, we similarly conclude that there is no legitimate debate that the jury would have found that factor. As we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as modified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." From the undisputed evidence of defendant's criminal history, particularly his repeated, intense violence, we readily conclude that the jury would

have drawn the inferences of malevolence and failure to be deterred required by *Allen*.

With respect to the final departure factor, that efforts to rehabilitate defendant had failed, we conclude that there is no legitimate debate that the jury would have found that departure factor. In addition to the criminal history set out above, the state presented evidence of defendant's disciplinary history while he was in prison. That history included 13 major disciplinary actions in less than four years, including assault in the second degree in 1997 and three instances of assault in the first degree, two in 1998, and one in 1999.

Because there is no legitimate debate that the jury would have found the departure factors relied on by the trial court, we decline to exercise our discretion to review the assigned error.

Affirmed.