Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed April 15, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

REGGIE PRATT,
*Defendant-Appellant.*

Multnomah County Circuit Court
020130534; A119859

206 P3d 273

Andrew Chilton and Chilton & Galli, LLC, filed the brief
for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Pratt*, 205 Or App 559, 134 P3d 1053 (2005) (*Pratt I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Pratt*, 345 Or 316, 195 P3d 63 (2008). In *Pratt I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Pratt I* was correct. Accordingly, we again remand for resentencing.

■ Defendant was convicted of four counts of robbery in the first degree and one count of assault in the second degree. The trial court imposed a durational departure sentence of 144 months' imprisonment on one of the first-degree robbery counts, 90 months of which were imposed pursuant to ORS 137.700. The court gave the following reasons for its decision to impose a departure sentence:

> "[O]n the Rob I, I am finding grounds to depart. Persistent involvement in behavior that continues to be assaultive, that's when we see [defendant]. * * * The level of violence is escalating—of actual damage and injury is escalating. That is of course concerning.
>
> "He was on supervision at the time this event happened, and not only was he on supervision, but he was on supervision for another robbery. And he's shown himself so far—and I'm talking about behavior, not expression of willingness to change—he has not been receptive to interventions. And I have got to say I don't think he's going to get any more help from the penitentiary than he had available through the Juvenile Court system, and that hasn't worked. So there are departure grounds. * * *
>
> "* * * * *

"[PROSECUTOR]: * * * Your Honor, [defendant] mentioned something that I should bring up. When the Court went through the departure factors, would you find that those departure factors, each of them, would be sufficient to support the departure?

"THE COURT: I listed the ones I thought about.

"[PROSECUTOR]: You listed four, persistent involvement in assaultive behavior.

"THE COURT: Yes.

"[PROSECUTOR]: That alone. Escalation of violence, on supervision for attempted robbery and not receptive to treatment.

"THE COURT: Yes, I think they all are."

In this case, the trial court did not explicitly state that it was relying on the departure factors that it found, either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

■ Because it is dispositive, we examine only the departure factor of defendant's probation status at the time he committed his current offenses. As we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." Here, defendant testified that he had supported himself, while on probation for two prior attempted robberies, by selling marijuana in downtown Portland; defendant also committed his current offenses—violent robberies—while on probation. That evidence, while not trivial, is also not so serious

and compelling a record of defendant's criminality as to convince us that there is no legitimate debate that the jury would have drawn the inference that defendant possessed a "malevolent quality." *Cf. State v. Martina*, 227 Or App 13, 16, 205 P3d 87 (2009) (finding no legitimate debate that jury would have drawn inference of malevolence where the defendant committed multiple violent assaults and manslaughter while on probation for an assault conviction).

Remanded for resentencing; otherwise affirmed.