Submitted on record and briefs September 8, sentences vacated;
remanded for resentencing; otherwise affirmed October 18,
petition for review denied December 5, 2006 (342 Or 117)

STATE OF OREGON,
*Respondent,*

*v.*

TONY RAY WINN,
*Appellant.*

CR020492DV; A121597

145 P3d 336

James N. Varner filed the opening brief for appellant.
Tony Ray Winn filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Susan G. Howe, Senior Assistant
Attorney General, filed the briefs for respondent.

Before Landau, Presiding Judge, and Schuman* and
Ortega, Judges.

PER CURIAM

---

* Schuman, J., *vice* Ceniceros, S. J.

## PER CURIAM

Defendant was convicted after a jury trial of attempted murder, ORS 163.115, kidnapping in the second degree, ORS 163.225, four counts of assault in the fourth degree, ORS 163.160, and two counts of harassment, ORS 166.065. In addition to the sentences that the trial court imposed for defendant's other convictions, the trial court imposed an upward dispositional departure sentence on one of defendant's assault convictions, based on its findings that defendant had been persistently involved in similar offenses and that he was on supervision at the time of the offense. On appeal, defendant assigns error to the trial court's denial of his motion for a judgment of acquittal with respect to the charge of attempted murder and to the court's imposition of a departure sentence. In a supplemental *pro se* brief, defendant also makes a variety of other constitutional and statutory challenges to his convictions.

We reject without discussion defendant's first assignment of error, regarding the denial of his motion for a judgment of acquittal, as well as the challenges raised in defendant's supplemental brief. With respect to his sentencing, defendant argues that the trial court violated the principles articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), by imposing a dispositional departure sentence based on facts not admitted by him or found by a jury. Although defendant did not advance such a challenge to the trial court, he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), the sentence is plainly erroneous. For the reason set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.