Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed May 13, petition for review denied July 29, 2009 (346 Or 590)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# TONY RAY WINN,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR020492DV; A121597

208 P3d 524

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Winn*, 208 Or App 755, 145 P3d 336 (2006) (*Winn I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Winn*, 345 Or 317, 195 P3d 64 (2008). In *Winn I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Winn I* was erroneous. Accordingly, we affirm.

■ Defendant was convicted of attempted murder, second-degree kidnapping, two counts of harassment, and four counts of fourth-degree assault arising out of his prolonged attack on his female domestic partner. The trial court imposed a durational departure sentence of 18 months' imprisonment on one of the fourth-degree assault convictions. The court gave the following reasons for its imposition of the departure sentence:

"1.   Persistent involvement unrelated to the current crime; and

"2.   Defendant on supervision status at the time offense committed."

The trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved

challenges to departure sentences based on judicial findings of fact).

■    On the first departure factor, defendant's persistent involvement in similar offenses, as we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compel the inference that his or her criminal behavior has been "persistent." Here, defendant had two prior convictions for assault in 1999; defense counsel admitted at sentencing that defendant had those convictions and that they could support a departure sentence, but argued that only two convictions were not enough to qualify as "persistent." On this record, we conclude that there is no legitimate debate that the jury would have drawn the inference required by *Bray*—defendant had two prior convictions for assault and was convicted in this case of four counts of assault.

■    With regard to the second departure factor, defendant's post-prison supervision status at the time he committed his current offenses, as we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." Here, defendant—while on probation—repeatedly punched his female domestic partner in the face and back, strangled her with a rope, and told her (as recited by the prosecutor at sentencing and not contested by defendant), "I am going to kill you. I'm not afraid to go to jail for the rest of my life, because I would rather see you dead." On this record, we conclude that there is no legitimate debate that the jury would have drawn the inferences of malevolence and failure to be deterred required by *Allen*. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.